IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:03-cr-00200-M
Case No. 5:20-cv-00334-M

ANTOINE MYLES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the Petitioner's pro se motion to vacate his conviction under 28 U.S.C. § 2255 [DE 79] and the United States' motion to dismiss [DE 89].

Petitioner pleaded guilty to ammunition possession as a convicted felon nearly twenty years ago. DE 27. For his offense, he received a 96-month custodial sentence, which was later reduced to a 64-month sentence upon a Rule 35 motion. DE 36, 40. Supervised release commenced on April 1, 2008 but was later revoked due to further criminal conduct and controlled substance possession. DE 57. On July 20, 2009, he received 24 months of imprisonment for violating his release conditions. *Id.* He was scheduled for release on March 15, 2011. DE 90-1.

On June 22, 2020, pursuant to 28 U.S.C. § 2255, Petitioner moved to vacate the sentence in this case, arguing that his § 922(g) conviction was unconstitutional because the court failed to advise him that knowledge of his prohibited status was an element of his offense. *See* DE 79 (citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019)). On July 30, 2021, the United States moved to dismiss Petitioner's claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [DE 89]. Petitioner responded on February 16, 2022 [DE 99].

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255(a) provides that a "prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." *Id.* "Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed." *United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992).

When the instant motion was filed, Petitioner was no longer in custody for the sentence imposed in this case. Petitioner has fully served both his original sentence as well as his additional term of imprisonment imposed for violating his conditions of supervised release. *See* DE 90-1 at 4–7. Petitioner is currently in custody under another sentence, *see* DE 90-1 at 2–3; but custody under that sentence does not change the fact that the sentence in this case has fully expired.

Petitioner appears to request a writ of audita querela because he believes his petition would provide this court subject matter jurisdiction over his *Rehaif* claim. A writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). A writ of audita querela is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Moreover, a writ "can only be invoked in aid of jurisdiction the court already has." *See Tavares v. Massachusetts*, 59 F. Supp. 2d 152, 154 (D. Mass. 1999).

Petitioner also fails to state a claim upon which relief can be granted. Nothing in the record suggests that Petitioner did not appreciate his felony status when he possessed the ammunition.

2

*Greer v. United States*, 141 S. Ct. 2090, 2097 (2021); *cf.* DE 78 at 57–58 (explaining that Petitioner's criminal history mostly consisted of felonies).

The court DISMISSES Petitioner's § 2255 motion and DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 366–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this 22d day of September, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE